Filed 4/3/24  P. v. Baca CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098052 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STKCRFE19970006131, SC061757C) |
| v. | |
| LOUIS BACA, | |
| Defendant and Appellant. | |

Defendant Louis Baca was convicted of special-circumstance murder in 1997 and sentenced to life in prison without the possibility of parole.  He appeals from the trial court's denial of his request, pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 and *In re Cook* (2019) 7 Cal.5th 439, to hold a hearing to make a record of evidence relevant at an eventual youth offender parole hearing.  The trial court ruled that Penal Code[1]

---

[1] Undesignated statutory references are to the Penal Code.

1

section 3051, subdivision (h) makes defendant ineligible for a youth offender parole hearing because he was sentenced to life in prison without the possibility of parole and was not a juvenile at the time of the murder. As a result, the trial court denied defendant's request for a *Franklin* hearing.

On appeal, defendant contends section 3051, subdivision (h) violates: 1) provisions in the United States and California Constitutions that guarantee equal protection of the laws, and 2) the ban on cruel and unusual punishment in the Eighth Amendment to the United States Constitution. Our Supreme Court recently rejected one of defendant's equal protection arguments. We will affirm.

## BACKGROUND

In 1997, a jury found defendant guilty of first degree murder and the appropriate fact finder found true the special circumstance that defendant had perpetrated the murder by discharging a firearm from a motor vehicle. (§§ 187, 189, subd. (a), 190.2, subd. (a)(21).) Defendant was 19 years old when he committed the murder. The trial court sentenced him to life in prison without the possibility of parole, plus 10 years for personally using a firearm

In 2023, defendant filed a motion requesting a *Franklin* hearing, at which he could augment the record to include mitigating evidence that would be relevant at an eventual youth offender parole hearing. (*People v. Franklin*, *supra*, 63 Cal.4th at p. 261; *In re Cook*, *supra*, 7 Cal.5th at p. 439; § 3051.) In the motion, defendant claimed he was entitled to a youth offender parole hearing because, by denying youth offender parole hearings to young adults convicted of special-circumstance murder, like him, section 3051, subdivision (h) violated his right to equal protection of the law. The trial court summarily denied his motion, finding defendant was ineligible for a youth offender parole hearing pursuant to section 3051, subdivision (h). Defendant appealed.

2

## DISCUSSION

## I

### *Equal Protection*

Defendant argues section 3051, subdivision (h) violates article I, section 7 of the California Constitution and the Fourteenth Amendment to the United States Constitution because the provision treats him unequally to similarly situated individuals who either were younger than him at the time of their offenses or committed less serious murders. Section 3051 entitles individuals incarcerated for a crime committed when they were less than 18 years old, and most individuals incarcerated for a crime committed when they were 18 to 25 years old, to a youth offender parole hearing during the 15th, 20th, or 25th year of their incarceration. (§ 3051, subd. (b); *People v. Hardin* (Mar. 4, 2024, S277487) ___ Cal.5th ___, ___ [2024 Cal. Lexis 1076 at pp. *3-*4].) But, "[t]he statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Hardin*, at p. ___ [2024 Cal. Lexis 1076 at p. *4]; see § 3051, subd. (h).)

Both the United States Constitution and the California Constitution guarantee equal protection of the laws, which "ensures that the government does not treat a group of people unequally without some justification." (*People v. Hardin*, *supra*, ___ Cal.5th at p. ___ & fn. 2 [2024 Cal. Lexis 1076 at pp. *20-*21 & fn. 2]; see *People v. Chatman* (2018) 4 Cal.5th 277, 288.) "[W]hen a statute involves neither a suspect classification nor a fundamental right, the 'general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.' " (*Hardin*, at p. ___ [2024 Cal. Lexis 1076 at p. *21.) "A court applying this standard finds 'a denial of equal protection only if there is no *rational* relationship between a disparity in treatment and some legitimate government

3

purpose.' " (*Ibid.*)[2]  The burden is on the party challenging the law to show that the challenged difference in treatment is not justified.  (*Id.* at p. ___ [2024 Cal. Lexis 1076 at p. *28].)

Defendant first contends section 3051 treats offenders like him unequally to juvenile offenders sentenced to life in prison without the possibility of parole for crimes they committed before turning 18 years old.  Section 3051 entitles these juvenile offenders to youth offender parole hearings while excluding defendant and offenders with the same sentence who were at least 18 years old at the time of their offenses.  (§ 3051, subds. (b)(4), (h).)  Defendant concedes that no case has held this distinction violates the right to equal protection of the laws.  Rather, many courts have held to the contrary.  (See *People v. Hardin* (2022) 84 Cal.App.5th 273, 285-286, revd. on another ground *People v. Hardin*, *supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 1076]; *People v. Sands* (2021) 70 Cal.App.5th 193, 204; *People v. Morales* (2021) 67 Cal.App.5th 326, 347; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-198; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779-780.)  We agree with these courts that "[t]he Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age.  For juvenile offenders, such a sentence may violate the Eighth Amendment. . . .   [T]he Legislature could rationally decide to remedy unconstitutional sentences but go no further."  (*Sands*, at p. 204.)

This leads to the second category of offenders who defendant contends are given irrational special treatment:  individuals who were 18 to 25 years of age at the time they committed a murder without special circumstances.  Defendant relies upon *People v. Hardin*, *supra*, 84 Cal.App.5th at page 273, which held that the denial of youth offender

---

[2]  "[C]ourts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question."  (*People v. Hardin*, *supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 1076 at p. *28].)

4

parole hearings to those offenders 18 to 25 years old based on their sentences of life in prison without the possibility of parole violated their right to equal protection. (*Id.* at p. 291.) Our Supreme Court recently reversed this decision, holding: "It was not irrational for the Legislature to exclude from youth offender parole eligibility those young adults who have committed special circumstance murder, an offense deemed sufficiently culpable that it merits society's most stringent sanctions." (*People v. Hardin*, *supra*, ___ Cal.5th at p. ___ [2024 Cal. Lexis 1076 at pp. *54-*55].) Accordingly, we also reject defendant's argument and conclude section 3051, subdivision (h) does not violate defendant's right to equal protection of the laws.

II

*Cruel and Unusual Punishment*

Defendant next contends that denying youth offender parole hearings to young adult offenders sentenced to life in prison without the possibility of parole violates the Eight Amendment to the United States Constitution, which prohibits cruel and unusual punishments. (U.S. Const., 8th Amend.) The People argue defendant forfeited this argument by not raising it in the trial court. Defendant acknowledges this argument was not raised but contends we should address it anyway. Without deciding whether forfeiture applies, we opt to address the merits here. Our Supreme Court has repeatedly held that a death sentence is not cruel and unusual punishment for murderers who were at least 18 years old at the time of the offense. (*People v. Flores* (2020) 9 Cal.5th 371, 429; *People v. Powell* (2018) 6 Cal.5th 136, 191; *People v. Gamache* (2010) 48 Cal.4th 347, 405.) "If the Eighth Amendment does not prohibit a sentence of death for [offenders who were at least 18 years old], then most assuredly, it does not prohibit the lesser [life in prison without the possibility of parole] sentence." (*In re Williams* (2020) 57 Cal.App.5th 427, 439.)

## III

### *Franklin Hearing*

Because we reject defendant's challenges to section 3051, subdivision (h), we conclude the trial court correctly determined that defendant is not eligible for a youth offender parole hearing. "It follows that there is no need for a *Franklin* hearing." (*People v. Ngo* (2023) 89 Cal.App.5th 116, 127.) We conclude the trial court did not err in denying defendant's request for a *Franklin* hearing.

### DISPOSITION

The judgment is affirmed.

/s/_____
Wiseman, J.*

We concur:

/s/_____
Duarte, Acting P. J.

/s/_____
Boulware Eurie, J.

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6